# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DAVID JONES,                                   :

      Plaintiff,                          :          Case No.  3:15cv00325

vs.                                            :          District Judge Thomas M. Rose
                                         Chief Magistrate Judge Sharon L. Ovington

STATE OF OHIO, et al.,                         :

      Defendants.                         :

---

# REPORT AND RECOMMENDATIONS[1]

---

## I.    Introduction

On August 22, 2013, Plaintiff David Jones, to his surprise, was arrested and jailed. He was brought before a Judge the next day and was sentenced to 45 days in the Montgomery County, Ohio Jail.  He brings this present case pro se under 42 U.S.C. §§1983, 1985, and 1988 claiming that the named defendants violated, and conspired to violate, many of his rights under the United States Constitution.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  The case is presently before the Court for a *sua sponte* review to determine whether his complaint, or any portion of it, must be dismissed because it is

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant.  *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 Fed. App'x 558, 559-60 (6th Cir. 2013).  "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'"  *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).  A complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand,* 526 F.3d at 923.  A complaint lacks arguable facts when its allegations are "fantastic or delusional."  *Brand,* 526 F.3d at 923 (quoting *Neitzke,* 490 U.S. at 327-28); *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990).

*Sua sponte* review also requires dismissal of an *in forma pauperis* complaint, or any portion of it, that fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To state such a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

2

## II.   <u>Plaintiff's Complaint</u>

Plaintiff alleges that in December 2012, the Montgomery County Child Support Enforcement Agency (MCSEA or the Agency) sent a notice to him by certified mail.  He did not receive the notice because the Agency sent it to the wrong address.  Plaintiff characterizes the notice as being a "notice directed against him ...."  (Doc. #2, *PageID* 38). It appears that the notice concerned an upcoming hearing in a ongoing child support case involving Plaintiff.  *Id*. at 38, 48 (referring to "the continuous ongoing child support case ....").  Plaintiff did not live, and never had lived, at the address where the notice was sent. He had never provided "any type of notification to MCSEA as to any new residential/domicile address...."  *Id*.  Plaintiff states that he did not sign for and never received the notice – or any notice – of "any pending hearing prior to his apprehension and arrest on 22 August 2013 and his quickly scheduled court appearance on 23 August 2013."  *Id*.

Plaintiff's arrest occurred due to a capias previously issued by Judge Anthony Capizzi who sits in the Montgomery County Court of Common Pleas, Juvenile Division. Plaintiff does not specifically say why Judge Capizzi issued the arrest warrant.  But, based on the allegations and circumstances the Complaint describes, it is likely that Plaintiff did not appear at a child-support hearing before Judge Capizzi.

According to Plaintiff, during the hearing before Judge Capizzi on August 23, 2013, "[he] was never allowed to give any type of defense to the arrest nor [a] reason as to why he was before the Court...."  *Id*., *PageID* 40.  Plaintiff maintains that neither Judge

3

Capizzi nor Agency staff attorney Mya Bronson investigated or asked whether Plaintiff

had actually received notice of the previous hearing – *i.e.*, the one he had failed to attend.

Consistent with the recommendation of attorney Bronson, Judge Capazzi sentenced

Plaintiff to 45 days in the Montgomery County Jail.  Plaintiff further alleges that he was

not allowed to orally move for release on his own recognizance.

Plaintiff's remaining allegations concern his attempt to appeal his arrest and

confinement.  He alleges:

> The Defendants, and each of them, conspire[d] with the Clerk of
> Court for the Juvenile Division of the Court of Common Pleas, failed to
> properly inform him as to his rights as to how and when to [sic] what to
> properly do ....  The Clerk of Court failed to inform [him] what exactly the
> Ohio Rules of Appellate Procedure requirements he was lacking in order to
> properly submit an appeal even though Plaintiff had already given ... an [sic]
> timely notice of appeal, mailed to the court on 26 August 2013,
> which however was never filed and submitted to the Court and the other party to
> this civil hearing.

(Doc. #2, *PageID* 41).  Plaintiff further states, "The acts, conduct and omissions of

Defendants, not only failed to remedy, but also fostered and promoted, the continued

fraud upon the court by the Staff attorneys and clerks at MCSEA."  *Id*. at 42.

Plaintiff's Complaint sets forth 5 Counts.  Each count asserts constitutional claims

against all Defendants and each incorporates by reference the previous paragraphs of the

Complaint.  Count 1 cites 42 U.S.C. §§ 1983 and 1988(a) and claims that all Defendants

violated his rights under the 4th, 8th, and 14th Amendments, including the Equal

Protection Clause.  Count 2 cites §§1983 and 1988(a) and asserts violations of his rights a

under the 9th and 14th Amendments to due process and equal protection.  Counts 3, 4, and

4

5 cite 42 U.S.C. §§ 1985(2), (3) and 1988(a).  These counts contain Plaintiff's conspiracy claims against all Defendants with Counts 4 and 5 asserting, respectively and in part, abuse of process and violation of his right to petition to government for redress of grievances.  Plaintiff attaches to the Complaint his "Affidavit About Insufficiency Of Service Of Process."  (Doc. #2, *Pages* 50-52).

Among the relief Plaintiff seeks are compensatory and punitive damages, declaratory and equitable relief, and appropriate injunctive relief to prevent retaliation or "malicious prosecution of the continuous ongoing child support case ...."  (Doc. #2, *PageID* 47-48).

### III.   Analysis

Plaintiff's complaint does not raise fantastic or delusional facts; it instead raises allegations against existing entities and various people.  It is therefore not subject to dismissal as factually frivolous.  *See Jones v. Schmaker*, 1999 WL 1252870 at *1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners any access to legal texts. (citing *Lawler*, 898 F. 2d at 1198-99)); *cf. Iqbal*, 556 U.S. at 696 (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.").

A two-year statute of limitations applies to claims raised under 42 U.S.C. §1983. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).  Plaintiff, did not file his

Complaint in this case until September 10, 2015. Accepting his allegations as true and liberally construing his *pro se* complaint in his favor, the events he describes occurred on specific dates in or before late August 2013 and early September 2013. This includes the initial notice sent to the wrong address, his arrest, his hearing, his incarceration, and his initial efforts to appeal his arrest and incarceration. Those events occurred more than two years before Plaintiff filed his complaint in this case. Plaintiff, moreover, does not identify any particular event that occurred within two years before he filed his Complaint. Plaintiff's Complaint is therefore untimely.

Even if Plaintiff's Complaint is considered timely, his claims are subject to dismissal for various reasons. First, "a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940 (6th Cir.1990) (quoting *Quern v. Jordan*, 440 U.S. 332, 337 (1979)), overruled on other grounds by *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Eleventh Amendment therefore bars Plaintiff's claims against the State of Ohio and the Ohio Defendants in their official capacities, because these claims are equivalent to claims brought directly against the treasury of the State of Ohio. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71-72 (1989); *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999).

Second, "It is well-settled that conspiracy claims must be pled with some degree of

specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. That pleading standard is 'relatively strict.'" *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir.2011) (citations omitted). Plaintiff's claims of conspiracy in Counts 3, 4, and 5 are conclusory. They arise from his failure to file a timely notice of appeal concerning his arrest, hearing, and sentence. He alleges that each Defendant conspired with the Clerk of Court, Juvenile Division, for the purpose of failing to inform of his rights and how to file a timely notice of appeal. The Complaint, however, is silent regarding what each Defendant did to advance the alleged conspiracy with the Clerk of Court. As a result, the Complaint fails to raise sufficiently specific allegations to raise a plausible conspiracy claim. *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (To support a conspiracy theory, a plaintiff must show, in part, "that an overt act was committed in furtherance of the conspiracy that caused injury to the [plaintiff].")*; see Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir.2009).

Next, Plaintiff's complaint touches on domestic relations issues arising from his apparent child-support obligations. Federal jurisdiction concerning such matters was circumscribed over 100 years ago: "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890). This Court therefore lacks jurisdiction over Plaintiff's complaint to the extent he seeks to contest the imposition or enforcement of child-support obligations upon him in state court.

Plaintiff may be seeking to raise claims against Ohio Attorney General Mike DeWine; Director of the Ohio County Department of Job and Family Services, Tomm Kelley; and Assistant Director of the Montgomery County Child Support Enforcement Agency, Sarah Fields. The Complaint, however, does not allege that any of these Defendants played a role in his arrest, during his hearing before Judge Capizzi, in the imposition of his sentence, or related to his notice of appeal. The Complaint therefore fails to raise sufficiently specific facts, when accepted as true and construed liberally in Plaintiff's favor, to raise a reasonable inference that any of these Defendants are liable for the misconduct alleged or for any harm that allegedly befell him. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

As to staff attorney Bronson, absolute immunity shields her from Plaintiff's allegations because any argument she raised during Judge Capizzi's hearing as to Plaintiff's possible incarceration or sentence – including her recommended sentence of 45 days – constituted prosecutorial acts. *See Eldridge v. Gibson*, 332 F.3d 1019, 1021-22 (6th Cir. 2003).

Turning lastly to the Montgomery County Child Support Enforcement Agency and the Montgomery County Job and Family Services – each is a branch of the County government and each, therefore, lacks the capacity to be sued (*i.e.*, is not *sui juris*). *See Wilson v. Trumbull Cnty. Dep't of Job & Family Servs.,* No. 4:12CV02163, 2013 WL 5820276, at *3 (N.D. Ohio Oct. 29, 2013) (and cases cited therein); *see also Evans v. Cordray*, No. 2:09-CV-587, 2012 WL 1021698, at *3 (S.D. Ohio Mar. 26, 2012) ("[I]t is

8

not proper to make a court a defendant.  Courts are not persons within the meaning of 42

U.S.C. §1983.") (citations omitted)); *McGuire v. Ameritech Servs., Inc.*, 253 F. Supp.2d

988, 1015 (S.D. Ohio 2003).

Accordingly, for the above reasons, Plaintiff's complaint is subject to dismissal

under 28 U.S.C. § 1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's complaint be DISMISSED with prejudice pursuant to 28 U.S.C.
      §1915(e)(2);

2.    The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal, if any,
      would not be taken in good faith; and,

3.    The case be terminated on the docket of this Court.

September 22, 2015

                           s/Sharon L. Ovington
                               Sharon L. Ovington
                     Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).